DOWNEY, Judge.
This is an appeal by the State to review an order granting appellee’s motion to suppress physical evidence.
The testimony adduced at the hearing on motion to suppress reflected that police officers May, Dykema, and Stanley, drove to a window tinting shop on their way to work to pick up Stanley’s private car. After paying for his car, Stanley walked next door to the Superior Car Radio Shop to inquire about the installation of a radio and cassette player. May and Dykema remained in the police car outside the window tinting store.
Richard Morrison, an employee at Superi- or Car Radio, had noticed á gun handle protruding from the right rear pocket of David Lofton, a customer at the store who was making a “really loud and rude” scene over the repair work on his car. Morrison was aware that police officers were in the adjacent store and he “told the secretary to see about getting somebody over there to just calm him (Lofton) down.” Coincidentally, Stanley was already located in the radio shop. He heard Morrison’s information and had the radio shop call the other two officers next door. The manager of the window tinting store came out to the street to inform May and Dykema in the patrol car that “the people at the radio place called down and said that the police officer there advises he needs some help.”
May and Dykema proceeded to the radio store where they saw Stanley waving them inside from the showroom area. Stanley advised them “that there was supposed to be a black male in the first bay sitting in a car who was carrying a gun around in his back pocket.” Stanley led the officers into the first bay area where he ordered two men out of the vehicle with their hands raised. Stanley restrained the suspect and began a frisk of his person, retrieving a gun from Lofton’s rear pocket.
Lofton was placed under arrest. The personal search incident to the arrest revealed twenty-one packets of cocaine. A subsequent inventory search of the vehicle produced two paper bags of marijuana.
On the date the motion was heard, Stanley was no longer a member of the police force; he was in the military service. Therefore, the evidence adduced by the State came from Morrison, an employee of the Radio Shop, and Dykema and May, the two back-up police officers. Throughout the testimony of the officers, appellee objected on hearsay grounds. However, none of these objections was sustained. Nevertheless, the trial judge was troubled by Stanley’s absence since he was the lead officer in the stop and frisk and arrest, and it was his condition of mind that would determine whether his actions were justified. Since Stanley was not there to articulate the founded suspicion to justify the stop and frisk, the trial judge felt the State could not carry its burden of proof and so granted the motion to suppress. This position constitutes the thrust of appellee’s argument on appeal.
Throughout the hearing appellee objected to evidence on hearsay grounds. Much of that evidence was hearsay, but was admissible to show Stanley’s state of mind and not to prove the truth of the facts asserted. Therefore, the evidence was not subject to the hearsay objection and was properly overruled by the court.
Ordinarily, Stanley would have been the logical witness to relate what he was told and his state of mind. However, under the circumstances, there was sufficient admissible evidence adduced to justify Stanley’s actions in stopping and frisking appel-lees. He was apprised by people in a business establishment that an irate black customer with a gun in his rear pocket was causing trouble in one of the bays and that police help was needed. Stanley called for his fellow officers to help. When they arrived he advised them of what he’d been told and they proceeded to investigate. Stanley and Dykema went around the back of the car, while officer May went around the front. Stanley ordered appellee and the radio mechanic out of the car. As appellee got out his right hand reached back toward his rear pocket and Stanley shoved him up *1261 against the car and began to frisk him. May, coming from the front, could not see anything untoward about appellee, but Dykema, who was behind Stanley, saw a bulge in appellee’s rear pocket, which appeared to be a gun. He had the same vantage point that Stanley had. We hold these facts were sufficient to justify Stanley’s actions in stopping and frisking appel-lee. The specificity of the information coming as it did from people in a business establishment where the incident took place bore sufficient indicia of reliability to justify the police in suspecting appellee was armed. State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), aff’d, 387 So.2d 963 (Fla. 1980). This suspicion, though already enough to justify the stop and frisk, was further corroborated by what they saw when appellee exited the car. As the Supreme Court of Florida said in State v. Webb, 398 So.2d 820, 824 (Fla. 1981):
The standard for evaluating the reasonableness of a frisk is whether the officers were justified in believing that the suspect was armed and dangerous. If the tip bears sufficient indicia of reliability and it relates that the suspect is armed and dangerous, then the officer, acting on the tip, is justified in his belief that the suspect is carrying a weapon and may frisk him. For the same reasons that we held that there need not be personal observation by the law enforcement officer of criminal conduct, we also hold that what is required for a valid frisk is not probable cause but rather a reasonable belief on the part of the officer that a person temporarily detained is armed with a dangerous weapon.
Upon the finding of the concealed weapon in appellee’s pocket, he was arrested and searched incident thereto. That search divulged a quantity of cocaine.
The people at the Radio Shop did not want to take the responsibility for ap-pellee’s car, so the police called for appel-lee’s wife to pick it up. When they did not learn immediately that she would pick it up, they inventoried the car and found marijuana in the trunk. Under the circumstances, the inventory search was appropriate.
In view of the foregoing, the order appealed from is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED with directions.
LETTS, C.J., and HURLEY, J., concur.